ORIGINAL

1   Stephen G. Larson (SBN 145225)
    Mary Carter Andrues (SBN 138486)
2   ARENT FOX LLP
    555 West Fifth Street, 48th Floor
3   Los Angeles, CA 90013-1065
    Telephone:  213.629.7400
4   Facsimile:  213.629.7401
    E-mails:    larson.stephen@arentfox.com;
5               andrues.mary@arentfox.com

6   Attorneys for Jeffrey Burum

7

8                  UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10                       EASTERN DIVISION

11         **ED   CV  11  -  01570**  VAP  (OPx)

12   UNITED STATES OF AMERICA,

13                    Plaintiff,            Assigned to the Hon. Oswald Parada
                                            Courtroom 3
14              v.
                                            ***EX PARTE* APPLICATION FOR
15   THE PREMISES KNOWN AS:                 RETURN OF PROPERTY
     10621 CIVIC CENTER DRIVE,              PURSUANT TO FEDERAL RULE
16   RANCHO CUCAMONGA,                      OF CRIMINAL PROCEDURE 41(g);
     CALIFORNIA,                            MEMORANDUM OF POINTS AND
17                                          AUTHORITIES; DECLARATIONS
                    Defendant.              OF STEPHEN G. LARSON AND
18                                          GLEN ROGERS; EXHIBITS**

19                                          [(Proposed) Order lodged concurrently
                                            herewith]
20

21                                          COURT:  Courtroom 3
                                            DATE:   TBD
22                                          TIME:   TBD
23

24

25

26

27

28

TO THE ABOVE ENTITLED COURT AND THE UNITED STATES ATTORNEY'S OFFICE:

**PLEASE TAKE NOTICE** that on a date and time to be determined based upon the availability of the Court, Jeffrey Burum hereby moves this Court *ex parte* for an order requiring the government to immediately copy and/or image computer data that were seized from Diversified Pacific Development Group, LLC, located at 10621 Civic Center Drive, Rancho Cucamonga, California (hereinafter referred to as "Diversified") on September 15, 2011, during the execution of a search warrant. The wholesale seizure of the computer data has crippled the business operations of Diversified and other entities operating out of the premises and the government has refused and/or deferred reasonable offers by Mr. Burum to copy and/or image a discrete set of computer data which would allow for the affected entities to continue to conduct business operations.  Consequently, Mr. Burum has been left with no option but to move this Court *ex parte* for an order requiring the government to immediately provide the computer data requested herein, which is critically needed to conduct daily business operations.

This *ex parte* application is made pursuant to Federal Rule of Criminal Procedure 41(g) on the basis that Mr. Burum and more than two-dozen business entities are being unnecessarily and unreasonably aggrieved and harmed on a daily basis by the deprivation of access to the seized computer data.  Mr. Burum respectfully requests that this Court order that either (1) the computer data be returned to him immediately; or (2) the computer data be copied and imaged immediately and the copies and images be delivered to him within 24 hours, while the government retains possession of the originals.

This *ex parte* application is based upon this Notice; the attached Memorandum of Points and Authorities; the attached Declarations of Stephen G. Larson and Glen Rogers; the concurrently lodged [Proposed] Order; all papers and

1   pleadings on file in this action; and such further evidence and argument as may be

2   presented prior to or at the hearing of this application.

3

4   Dated:  September 20, 2011                Respectfully submitted,

5                                            Arent Fox LLP

6

7   By: _____

8                                            Stephen G. Larson
                                             Marty Carter Andrues
9                                            *Attorneys for Jeffrey Burum*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

On September 15, 2011, law enforcement personnel executed a broad, general search warrant at Diversified Pacific Development Group, LLC located at 10621 Civic Center Drive, Rancho Cucamonga, California (hereinafter referred to as "Diversified").[1]  Among other things, three servers, fourteen hard drives, and other computer storage devices were seized.  Unlike other business premises searched that same day, law enforcement personnel apparently failed to make any attempt to copy or image the servers, hard drives, and storage devices on site at Diversified.  Rather, the government unnecessarily and unreasonably crippled the day-to-day business operations of more than two-dozen business entities operating at Diversified's premises by the wholesale confiscation of the servers, hard drives, and storage devices, which contain data essential for business operations.

The day after the search, Mr. Burum, through counsel, explained to government counsel that the wholesale seizure of all computer data and media had crippled Mr. Burum's business operations.  Mr. Burum's counsel proposed that the government copy and image, or allow a third party to copy and image, a limited number of computer devices at Mr. Burum's expense.  Mr. Burum offered to have a third party vendor work over the weekend to assist the government in immediately copying and imaging data critical to business operations—a procedure that Mr. Burum has been told would take approximately six to ten hours.  Mr. Burum's reasonable proposal would allow the government to continue its investigation, without paralyzing and destroying his business operations.

Assistant U.S. Attorney Joseph B. Widman, the prosecutor assigned to this matter, initially agreed to make arrangements for the FBI's computer recovery

---

[1]  The overbreadth and the deficiencies and infirmities of the warrant will be set forth in a further noticed Rule 41 motion; in this emergency application, Mr. Burum only seeks that which is urgently essential to avoid significant immediate losses to his business entities.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 1 -

1  technicians to promptly confer with Mr. Burum's technical staff to arrange for

2  copying of the computer data necessary to keep the business up and operating.  Mr.

3  Widman then withdrew that offer and has not provided any timetable or date on

4  which the data would be made available.

5       The computer data needed to maintain business operations is limited and can

6  be copied in six to ten hours.  The data is contained on the following seized media:

7  HP Proliant ML350G6 server (s/n MXQ0510DP3) (Item No. 22); Netgear NAS

8  Model RND4410 (s/n 23J3087800E68) (Item No. 25); and LaCie Rugged External

9  Hard Drive (s/n 13741011290043QR) (Item No. 24).  The data contained on the HP

10  Proliant ML350G6 server (s/n MXQ0510DP3) is the most critical data needed to

11  make Diversified and Mr. Burum's other business operations functional.  Pursuant

12  to Rule 41(g), Mr. Burum respectfully requests that this Court order that either

13  (1) the server and other computer devices listed above be returned to him

14  immediately; or (2) the server and other computer devices be copied and imaged

15  immediately and the copies and images be delivered to Mr. Burum within 24 hours

16  of an Order issued by this Court, with the government maintaining possession of

17  the original computer media and its contents.[2]

18  **II.    STATEMENT OF FACTS**

19       On September 13, 2011, this Court issued a search warrant for Diversified.

20  *See* Larson Decl., Ex. 1.  The search warrant broadly allowed law enforcement

21  personnel to seize virtually all computer equipment and data, and it did not provide

22  any means to segregate computer data within the scope of the warrant and data

23  falling outside the scope of the warrant, before the data was seized.  *Id.*, Ex. 1,

24  ¶¶ 13, 15.  The warrant stated that law enforcement personnel could either search

25  servers, hard drives, and other computer storage devices on site or seize such

---

26  [2] This Application seeks only the return of computer related data so that the operations of more than two-dozen
27  business entities can continue.  Mr. Burum reserves, and does not waive, all other legal rights and remedies in
     connection with challenging the warrant, including but not limited to any and all legal rights and remedies under the
28  Federal Rules of Criminal Procedure and the U.S. Constitution.

Arent Fox LLP
Attorneys At Law
Los Angeles

1   computer hardware. *Id.*, Ex. 1, ¶ 14(a).  Law enforcement personnel may retain

2   possession of such computer hardware for 60 days, plus any extensions granted by

3   the Court. *Id.*

4          On September 15, 2011, when executing the warrant, law enforcement

5   personnel seized three servers, fourteen hard drives, and other computer storage

6   devices that contain critical data and information for the day-to-day operations of

7   more than two-dozen business entities that operate in the construction, real estate,

8   and property management industries. *See* Rogers Decl. ¶ 2-13, Ex. 1.  To Mr.

9   Burum's knowledge, the government made no attempt to copy or image the servers

10  and other computer devices located at Diversified. *See* Larson Decl. ¶ 3; Rogers

11  Decl. ¶ 4.

12         Of the seized computer media, the following contain data which are critical

13  to the day-to-day operations of more than two-dozen business entities at

14  Diversified:

15         • HP Proliant ML350G6 server (s/n MXQ0510DP3);

16         • Netgear NAS Model RND4410 (s/n 23J3087800E68); and

17         • LaCie Rugged External Hard Drive (s/n 13741011290043QR).

18  Without the data on these seized items, the businesses in question cannot complete

19  basic day-to-day tasks, including but not limited to connecting to the Internet,

20  sending and receiving emails, cutting checks, managing cash flow, processing

21  invoices, generating contract packets, and generating purchase orders. *See* Rogers

22  Decl. ¶¶ 5-9.  Such tasks are essential to the businesses' ongoing viability,

23  especially since September is a critical month for the businesses, as they are closing

24  deals and other transactions before the end of the third quarter. *See id.* ¶ 11.  Also,

25  law enforcement personnel seized all data related to the businesses, which is far

26  beyond the scope of the warrant.[3] *Compare id.* ¶ 10, *with* Larson Decl., Ex. 1.  This

27

28

---

[3] Law enforcement personnel also seized the personal, private, and privileged data of several of the businesses' employees. *See* Rogers Decl. ¶ 10.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

1   overbroad seizure of computer data has paralyzed and devastated the day-to-day

2   operations of more than two-dozen business entities. *See* Rogers Decl. ¶¶ 5-11.

3       The day after law enforcement personnel seized the computer data, Mr.

4   Burum, through counsel, advised the prosecutor assigned to the investigation,

5   Assistant U.S. Attorney Joseph B. Widman, that the seizure of the computer data

6   had crippled business operations. *See* Larson Decl. ¶ 4. Counsel then proposed

7   that the government copy the critical data at Mr. Burum's expense and provide the

8   copies to him. *Id.* Counsel further provided the government, pursuant to its

9   suggestion, with the contact information for Mr. Burum's technical staff so that

10  arrangements to copy the data could be made immediately. *Id.* This reasonable

11  proposal would have allowed the government to continue its investigation without

12  crippling and destroying the operations of the more than two-dozen business

13  entities.

14      The government initially agreed to copy the needed data, but later rejected

15  this proposal. The government has also been unable to provide a date by which the

16  data will be made available so that the businesses that need access to the data could

17  resume operations. *Id.* ¶¶ 4-6. Specifically, after initially agreeing to arrange for

18  the computer data to be copied, later in the afternoon on September 16, 2011, Mr.

19  Widman withdrew his offer, and indicated that, because the seized computer data

20  had not been transported from Riverside to Santa Ana, he could not agree to copy

21  and image any of the computer data by any date certain or even have the CART

22  agents and Mr. Burum's technical support staff confer. *Id.* Mr. Widman invited

23  counsel to call him the following Monday morning, September 19, 2011 to follow-

24  up with more information. *Id.* On September 19, 2011, counsel for Mr. Burum

25  called and wrote Mr. Widman an e-mail, further informing him that the seized

26  computer data is critical to the operations of numerous business entities, and

27  identified the specific server and other computer devices that are the most essential

28  to the businesses' operations. Counsel advised Mr. Widman that the most

1   important and time sensitive data were contained on item numbers 22, 24, and 25

2   on the FBI inventory of seized property. *Id.*; *see also* Rogers Decl., Ex. 1 (FBI

3   inventory of seized property).

4   　　　Later that same day, Mr. Widman sent a letter to Mr. Burum's counsel stating

5   that the government would not even *begin* its review of the seized computer data

6   until September 20, 2011, *five days* after the seizure, and only then "hopefully …

7   have more information about how long it will take to image the server in question

8   and whether it would be potentially productive for a CART representative to speak

9   with your client's technical representative as we have previously discussed."

10   Larson Decl., Ex. 2. After receiving this letter, counsel informed Mr. Widman that

11   Mr. Burum and his businesses needed to take immediate action to obtain copies and

12   images as soon as possible in order to avoid significant loss and prejudice. Mr.

13   Widman was advised of the substance of Mr. Burum's *Ex Parte* Application for

14   Return of Property Pursuant to Federal Rule of Criminal Procedure 41(g) and he

15   indicated that the government opposed the Application.

16   **III.   ARGUMENT**

17   　　**A.   An *Ex Parte* Application Is the Appropriate Procedure to Prevent**

18   　　　　**Further Irreparable Harm to Mr. Burum's Business Operations**

19   　　　*Ex parte* applications are intended for relief where:  (1) "the moving party's

20   cause will be irreparably prejudiced if the underlying motion is heard according to

21   the regular noticed motion procedures" and (2) "the moving party is without fault in

22   creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result

23   of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp.

24   488, 492 (C.D. Cal. 1995); *see also In re Intermagnetics Am., Inc.*, 101 B.R. 191,

25   193 (C.D. Cal. 1989) (stating that *ex parte* applications are appropriate where there

26   is "genuine urgency").

27   　　　These prerequisites are plainly met here, as Mr. Burum and more than two-

28   dozen business entities suffer additional, unreasonable harm every day they are

**LARSON
DECLARATION**

## <u>DECLARATION OF STEPHEN G. LARSON</u>

I, STEPHEN G. LARSON, declare as follows:

1.      I am an attorney duly admitted to practice law in California and before this Court. I am a partner in the law firm of Arent Fox LLP and counsel for Jeffrey Burum. I have personal knowledge of the matters set forth herein and, if called upon to testify, could and would do so competently. I make this declaration in support of Mr. Burum's *Ex Parte* Application for Return of Property Pursuant to Federal Rule of Criminal Procedure 41(g).

2.      Attached hereto as <u>Exhibit 1</u> is a true and correct copy of the search warrant issued by this Court that was executed at 10621 Civic Center Drive, Rancho Cucamonga, California on September 15, 2011.

3.      I am informed that law enforcement personnel seized servers, hard drives, and other computer storage devices when executing the warrant. Although the warrant states that they could search the computer data on site, I understand that they did not do so. Although I am further informed that law enforcement personnel copied or imaged data in connection with related warrants at other locations, they did not attempt to copy or image any computer data at 10621 Civic Center Drive.

4.      On September 16, 2011, the day after the search, I communicated with Joseph B. Widman, the Assistant United States Attorney overseeing the execution of the warrant, and I indicated to him that the seizure of the computers at Mr. Burum's businesses had crippled operations. In response, he initially indicated to me that the government would arrange for the FBI's computer recovery technicians to promptly confer with Mr. Burum's technical support staff to arrange for copying of the computer data necessary to maintain ongoing operation of the businesses in question. I thereafter provided him with the contact information for Mr. Burum's technical staff. However, Mr. Widman followed up later in the afternoon, withdrew that offer, and indicated that, because the seized computer data had not been transported from Riverside to Santa Ana, he could not agree to copy and image any

- 1 -

1   of the computer data by any date certain. Mr. Widman advised me to call back

2   Monday morning.

3       5.      On September 19, 2011, I called and wrote Mr. Widman and further

4   informed him that the seized computer data is critical to the operations of numerous

5   business entities, and I identified the specific server and other computer devices that

6   are the most essential to the businesses' operations. Specifically, I informed him

7   that the items that are the most important and time sensitive are item numbers 22,

8   24, and 25 on the FBI inventory of seized property, a true and correct copy of

9   which is attached as Exhibit 1 to the Declaration of Glen Rogers.

10      6.      Thereafter, Mr. Widman sent me a letter stating that the government

11  would not even *begin* its review of the seized computer data until September 20,

12  five days after the search and seizure, and only then "hopefully ... have more

13  information about how long it will take to image the server in question and whether

14  it would be potentially productive for a CART representative to speak with your

15  client's technical representative as we have previously discussed." Attached hereto

16  as Exhibit 2 is a true and correct copy of the September 19, 2011, letter that I

17  received from Mr. Widman.

18      7.      On September 19, 2011, I informed Mr. Widman that Mr. Burum and

19  his businesses needed to take immediate action to obtain copies and images as soon

20  as possible, in order to avoid significant loss and prejudice. I informed Mr.

21  Widman of the substance of Mr. Burum's *Ex Parte* Application for Return of

22  Property Pursuant to Federal Rule of Criminal Procedure 41(g). Mr. Widman

23  indicated that the government opposes the Application.

24      I declare under penalty of perjury under the laws of the United States of

25  America that the foregoing is true and correct. Executed on September 20, 2011, at

26  Los Angeles, California.

27

28

_S. Larson_

Stephen G. Larson

- 2 -

**EXHIBIT 1**

| UNITED STATES DISTRICT COURT | CENTRAL DISTRICT OF CALIFORNIA |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br><br>THE PREMISES KNOWN AS:<br><br>10621 CIVIC CENTER DRIVE<br>RANCHO CUCAMONGA, CALIFORNIA | DOCKET NO.   MAGISTRATE'S CASE NO.<br><br>ED 11 - 0353 M<br><br>TO:<br>ANY SPECIAL AGENT(S) WITH THE DEA OR<br>ANY OTHER AUTHORIZED OFFICER |

Affidavit(s) having been made before me by the below-named affiant that he/she has reason to believe that on the premises known as

## SEE ATTACHMENT A

in the Central District of California

there is now being concealed certain property, namely:

## SEE ATTACHMENT B

and as I am satisfied that there is probable cause to believe that the property so described is being concealed on the person or premises above-described and the grounds for application for issuance of the search warrant exist as stated in the supporting affidavit.

YOU ARE HEREBY COMMANDED to search on or before ____ten (10) days_____ (not to exceed 10 days) the person or place named above for the property specified, serving this warrant and making the search in the daytime--6:00 A.M. to 10:00 P.M. and if the property be found there to seize it, leaving a copy of this warrant and receipt for the property taken, and prepare a written inventory of the property seized in accordance with the procedures set forth in the application and promptly return this warrant to _the duty U.S. Magistrate Judge_____ as required by law.

| NAME OF AFFIANT<br><br>Jonathan Zeitlin, FBI | SIGNATURE U.S. MAGISTRATE JUDGE<br><br>_signature_ | DATE/TIME ISSUED<br><br>SEP 1 3 2011 |
|---|---|---|

AUSA: Joseph B. Widman

EXHIBIT 1   PAGE 3

**RETURN**

| DATE WARRANT RECEIVED | DATE AND TIME WARRANT EXECUTED | COPY OF WARRANT AND RECEIPT FOR ITEMS LEFT WITH |
|---|---|---|
| | | |

**INVENTORY MADE IN THE PRESENCE OF**

INVENTORY OF PROPERTY TAKEN PURSUANT TO THE WARRANT

**CERTIFICATION**

I swear that this inventory is a true and detailed account of all the property taken by me on the warrant.

_____

Subscribed, sworn to, and returned before me this date.

_____
**U.S. JUDGE OR MAGISTRATE          DATE**

EXHIBIT 1 PAGE 4

## ATTACHMENT A

## PREMISES TO BE SEARCHED

### 10621 Civic Center Drive, Rancho Cucamonga, California

10621 Civic Center Drive, Rancho Cucamonga, California ("SUBJECT PREMISES") is a two-story commercial building with a cement/stucco facade. The building is light green in color with black windows and has an external stairway in the front of the building. The structure is plainly marked with the numbers "10621" in silver coloring on the front and side of the building. Additionally, the words "Diversified Pacific" are prominently displayed on the front of the business indicating the company Diversified Pacific occupies the premises to be searched. The word "Diversified" is marked in silver coloring while the word "Pacific" is marked in blue coloring. SUBJECT PREMISES is located on the south side of Civic Center Drive. The driveway to access SUBJECT PREMISES is located approximately 100 feet from the intersection of Civic Center Drive and Utica Avenue. The areas to be searched include (a) all areas within SUBJECT PREMISES, including all rooms, containers, and safes; and (b) any vehicles parked on SUBJECT PREMISES owned by or under the control of Jeffrey Burum, National Housing Development Corporation, or Colonies Partners L.P.

EXHIBIT 1 PAGE 5

ATTACHMENT B

ITEMS TO BE SEIZED

10621 Civic Center Drive, Rancho Cucamonga, California

1.     All documents, records, applications, communications, and materials pertaining to the litigation between Colonies Partners, L.P., and the San Bernardino County Flood Control District, in Case No. RCV 061971.

2.     For the period January 1, 2003 to the present, documents, records, applications, communications, and materials pertaining to William POSTMUS, Paul BIANE, James ERWIN, Mark KIRK, James BRULTE, Patrick O'REILLY, or Rex GUTIERREZ.

3.     Documents, records, applications, communications, and materials pertaining to financial transactions related to or evidencing the payment of money or other things of value to public officials in exchange for performance of official acts, including bank statements, cancelled checks, money orders and other monetary instruments, notes, ledgers, consulting agreements, and other writings.

4.     Documents, records, applications, communications, and materials pertaining to visits to China or travel to or from China

5.     Proceeds of bribery, extortion, or fraud, including cash in an amount or concealed in such a manner as to indicate it is proceeds of criminal activity, and checks, money orders,

EXHIBIT 1 PAGE 6

or other things of value given to or received from a public official.

6. For the period January 1, 2003 to January 1, 2010, documents, records, applications, communications, and materials pertaining to the communications with or possible employment of private investigators or private investigation firms.

7. For the period January 1, 2003 to the present, documents, records, applications, communications, and materials pertaining to any campaign contributions, money, gifts, or other things of value received, including Forms 460 and 700, conflict of interest forms, notes, correspondence, memoranda, e-mails, or text messages.

8. For the period January 1, 2003 to the present, documents, records, applications, communications, and materials identifying amounts and sources of income and expenses, including profit and loss statements, tax returns, pay stubs, cash receipts, wage and earning statements, bank statements, ledgers, construction contracts, consulting contracts, loan and mortgage documents, expense receipts, and cancelled checks.

9. Records, documents, applications, communications, or materials identifying the persons or entities exercising dominion and control over the premises, including utility bills, mail, rental agreements, mortgage documents, or keys.

10. Records, documents, applications, communications, or

2

EXHIBIT 1 PAGE 7

materials pertaining to the Republicans for a Conservative Majority Political Action Committee (PAC), the Conservatives for a Republican Majority PAC, the Inland Empire PAC, the Committee for Effective Government PAC, the Alliance for Ethical Government PAC, or the San Bernardino County Young Republicans PAC.

11.   For the period January 1, 2003 to the present, records, documents, applications, or materials containing business, non-profit entities, and personal income tax returns, both Federal and state together with all forms, schedules and attachments thereof, to include Federal and State Statements; tax return preparation workpapers, worksheets and/or supporting documentation used in the preparation of tax returns; invoices, receipts or other records relating to tax consulting or preparation fee charged.

12.   With respect to any digital devices containing evidence falling within the scope of the foregoing search categories, records, documents, programs, applications or materials, or evidence of the absence of same, sufficient to show the actual user(s) of the digital device during the time period between January 1, 2003 and the present.

13.   As used above in the preceding paragraphs, the terms records, documents, programs, applications or materials include records, documents, programs, applications or materials created,

EXHIBIT 1 PAGE 8

modified or stored in any form, including in digital form on any digital device and any forensic copies thereof. As used both above and below, the term "digital device" includes any electronic system or device capable of storing and/or processing data in digital form, including: central processing units; laptop or notebook computers; personal digital assistants; wireless communication devices such as telephone paging devices, beepers, and mobile telephones; peripheral input/output devices such as keyboards, printers, scanners, plotters, monitors, and drives intended for removable media; related communications devices such as modems, cables, and connections; storage media such as hard disk drives, floppy disks, compact disks, magnetic tapes used to store digital data (excluding analog tapes such as VHS), and memory chips; and security devices.

14. In searching digital data stored on digital devices, law enforcement personnel executing this search warrant will employ the following procedure:

a)   Law enforcement personnel or other individuals assisting law enforcement personnel will, in their discretion, either search the digital device(s) on-site or seize and transport the device(s) to an appropriate law enforcement laboratory or similar facility to be searched at that location. The team of law enforcement personnel, which may include the investigating agent(s), and/or individuals assisting law

4

EXHIBIT 1 PAGE 9

enforcement personnel searching the digital device(s) shall complete the search as soon as is practicable but not to exceed 60 days from the date of the execution of the warrant. If additional time is needed, the government may seek an extension of this time period from the Court within the original 60 day period from the date of execution of the warrant.

b)   The team searching the digital devices will do so only by using search protocols specifically chosen to identify only the specific items to be seized under this warrant.

i.   The team may subject all of the data contained in the digital device capable of containing items to be seized as specified in this warrant to the protocols to determine whether the digital device and any data falls within the items to be seized as set forth herein. The team searching the digital device may also search for and attempt to recover "deleted," "hidden" or encrypted data to determine, pursuant to the protocols, whether the data falls within the list of items to be seized as set forth herein.

ii.   The team searching the digital device also may use tools to exclude normal operating system files and standard third-party software that do not need to be searched.

c)   When searching a digital device pursuant to the specific protocols selected, the team searching the digital device shall make and retain notes regarding how the search was

5

EXHIBIT 1 PAGE 10

conducted pursuant to the selected protocols.

      d)    If the team searching a digital device pursuant to the selected protocols encounters immediately apparent contraband or other evidence of a crime outside the scope of the items to be seized, the team shall immediately discontinue its search of that digital device pending further order of Court and shall make and retain notes detailing how the contraband or other evidence of a crime was encountered, including how it was immediately apparent contraband or evidence of a crime.

      e)    If the search determines that a digital device does not contain any data falling within the list of items to be seized pursuant to this warrant, the government will as soon as practicable return the device and delete or destroy all the forensic copies thereof.

      f)    If the search determines that the digital device does contain data falling within the list of the items to be seized pursuant to this warrant, the government will either (i) within the time period authorized by the Court for completing the search, return to the Court for an order authorizing retention of the digital device; or (ii) retain only a copy of the data found to fall within the list of the items to be seized pursuant to this warrant and return the digital device and delete or destroy all the forensic copies thereof.

      15.    In order to search for data that is capable of being

EXHIBIT 1 PAGE 11

read or interpreted by a digital device, law enforcement personnel are authorized to seize the following items, subject to the procedures set forth above:

a)   Any digital device capable of being used to commit, further or store evidence of the offenses of conspiracy, bribery, honest services fraud scheme, false statement in tax document, or money laundering;

b)   Any equipment used to facilitate the transmission, creation, display, encoding or storage of digital data, including word processing equipment, modems, docking stations, monitors, printers, plotters, encryption devices and optical scanners;

c)   Any magnetic, electronic or optical storage device capable of storing data, such as floppy disks, hard disks, tapes, CD-ROMs, CD-R, CD-RWs, DVDs, optical disks, printer or memory buffers, smart cards, PC cards, memory calculators, electronic dialers, electronic notebooks, cellular telephones and personal digital assistants;

d)   Any documentation, operating logs and reference manuals regarding the operation of the digital device or software used in the digital device;

e)   Any applications, utility programs, compilers, interpreters and other software used to facilitate direct or indirect communication with the digital device;

EXHIBIT 1 PAGE 12

      f)    Any physical keys, encryption devices, dongles and similar physical items that are necessary to gain access to the digital device or data stored on the digital device; and

      g)    Any passwords, password files, test keys, encryption codes or other information necessary to access the digital device or data stored on the digital device.

16.   The special procedures relating to digital media found in this warrant govern only the search of digital media pursuant to the authority conferred by this warrant and do not apply to any search of digital media pursuant to any other court order.

EXHIBIT __1__ PAGE 13

**EXHIBIT 2**



**U. S. Department of Justice**

*United States Attorney*
*Central District of California*

| | |
|---|---|
| Joseph B. Widman | 3880 Lemon Street |
| Assistant United States Attorney | Suite 210 |
| (951) 276-6945 (telephone) | Riverside, California 92501 |
| (951) 276-6202 (facsimile) | |

September 19, 2011

**VIA ELECTRONIC MAIL**

Stephen G. Larson, Esq.
Partner
Arent Fox LLP
555 West Fifth Street, 48th Floor
Los Angeles, California 90013
Tel: 213-443-7616
Fax: 213-629-7401
Cell: 909-285-5632
E-mail: larson.stephen@arentfox.com

      Re:    <u>Search Warrant in Case No. ED 11-0353M</u>

Dear Mr. Larson:

Further to our telephone conversations, e-mails, and voicemails of today and Friday, I am writing to give you a further update regarding the status of the government's processing of digital evidence seized pursuant to the above search warrant. I understand your client, Jeffrey Burum, urgently needs data on a particular server for the first three days of last week, which was not retained by the business's offsite backup system.

The status is as follows: The digital equipment is being driven to CART's Orange County location today. The case agent has forwarded to CART the information you provided earlier today regarding which particular server contains the information you most urgently need. The case agent also has informed CART that your client is willing to "incur whatever costs and provide whatever hardware or software [is] necessary to copy the server," as you stated in your e-mail of earlier today. CART has informed the case agent that the assigned technical specialist will examine the equipment first thing tomorrow morning. Once CART has conducted a

//
//
//

EXHIBIT 2 PAGE 14

Stephen G. Larson, Esq.
Arent Fox LLP
Re:    Search Warrant in Case No. ED 11-0353M
September 19, 2011

preliminary examination of the equipment, hopefully we will have more information about how long it will take to image the server in question and whether it would be potentially productive for a CART representative to speak with your client's technical representative as we have previously discussed.

Sincerely,

ANDRÉ BIROTTE JR.
United States Attorney


 /s/ Joseph B. Widman
JOSEPH B. WIDMAN
Assistant United States Attorney

Copy:
Jerry Behnke, Assistant United States Attorney
Mary Andrues, Partner, Arent Fox LLP

Page 2 of 2

EXHIBIT 2 PAGE 15

**ROGERS
DECLARATION**

## DECLARATION OF GLEN ROGERS

I, GLEN ROGERS, declare as follows:

1.     I have personal knowledge of the matters set forth herein and, if called upon to testify, could and would do so competently. I make this declaration in support of Jeffrey Burum's *Ex Parte* Application for Return of Property Pursuant to Federal Rule of Criminal Procedure 41(g).

2.     I am the Controller for Cayman Construction, Inc., which is located at 10621 Civic Center Drive, Rancho Cucamonga, California. As part of my responsibilities, I oversee the accounting and financial reporting for Cayman Construction and more than two-dozen entities that are involved in Cayman Construction's business, including Diversified Pacific Development Group, LLC and Diversified Pacific Opportunity Fund I, LLC. Jeffrey Burum has an ownership interest in both Cayman Construction and Diversified Pacific Development Group. Cayman Construction provides administrative and management services for all of the entities operated out of the 10621 Civic Center Drive location. Diversified Pacific Development Group is the managing member of Diversified Pacific Opportunity Fund I. The more than two-dozen entities mentioned above are hereinafter referred to as the "Businesses." The Businesses' operations are related to the construction, real estate, and property management industries.

3.     I also oversee and coordinate Information Technology ("IT") and computer services for the Businesses. I coordinate with a third party service provider—Inland Productivity Solutions—and I am familiar with the IT and computer systems at 10621 Civic Center Drive, Rancho Cucamonga, California.

4.     On September 15, 2011, law enforcement personnel executed a search warrant at 10621 Civic Center Drive, Rancho Cucamonga, California. Attached hereto as Exhibit 1 is a true and correct copy of the FBI inventory of seized property. Among other things, law enforcement personnel seized the following computer equipment, hard drives, and data storage devices:

- 1 -

- Three server computers;
- Five computer hard drives;
- One external hard drive;
- One network attached storage device, including multiple hard drives in a RAID configuration;
- Two desktop computers;
- One laptop computer; and
- Several flash drives and media storage devices.

5.     Virtually all of the data and information required to operate the Businesses is contained on the computer equipment mentioned above. Specifically, the IT system saves nearly all critical data to the main server—data is not typically saved locally on the computer workstations' hard drives. All computer workstations are mapped to the main server; the workstations are effectively only terminals for connecting to the data and resources on the server. The main server is the HP Proliant ML350G6 server (s/n MXQ0510DP3) that was seized and is listed as item #22 on Exhibit 1.

6.     The server is critical to the Businesses' day-to-day operations. The Businesses' only ability to print checks for the purpose of paying vendors and other service providers is through the accounting database that resides on the server. The Businesses' ability to manage their cash flows, accounts payable payments, and general finances has been halted through the seizure of the server.

7.     In fact, the server is used to connect individual computer workstations to the Internet. Also, without the server, the Businesses' employees cannot send or receive e-mails. E-mails that have been sent to the Businesses' employees are currently being queued by a third party vendor. However, after 14 days, the emails will begin to "fall off," which means they will never be delivered to their intended recipients.

- 2 -

8.     Also, without the main server, the Businesses' employees cannot complete numerous basic tasks that are critical to the Businesses' day-to-day operations, including but not limited to the following:

- Cutting checks for payments to vendors;
- Managing cash;
- Processing current and future vendor and consultant invoices through accounts payable;
- Running current or historical financial statements from the accounting database (which resided exclusively on the server);
- Entering new contracts into the relevant database;
- Generating contract packets to send to subcontractors for signature;
- Creating change orders to existing contracts; and
- Generating purchase orders.

9.     Beginning in approximately February 2011, the IT services for the Businesses began to use a new backup system. The backup system consisted almost entirely of the computer equipment listed above. There is a single offsite backup drive, but the data on that drive is now more than two-weeks old. This means that because the computer equipment listed above was seized, the Businesses' current, up-to-date backup system was also seized.

10.     The seizure of the computer equipment listed above—particularly the data on the main server—has brought the Businesses' day-to-day operations to a standstill. The Businesses' employees no longer have access to critical, proprietary, and privileged data and information, including but not limited to the following:

- Electronic calendars for all employees;
- E-mails for all employees;
- Business electronic forms and templates (timesheets, memos, agendas, etc.);

- Login and password information for accounts held by the Businesses for online banking, FedEx online, Office Depot online, and electronic payroll related information;
- Electronic copies of insurance policy documents—including declarations, riders, and premium invoices;
- Human resources and payroll related information in electronic format;
- Electronic copies of employee reviews;
- E-mailed copies of third-party services proposals;
- Attorney-client privileged information related to litigation to enforce borrower guarantees, as well as litigation with other third parties;
- Operational financial reporting and accounting data;
- Accounting data for more than two-dozen active legal entities and ten dissolved legal entities—including current data as well as seven years of archived data for all the entities;
- Electronic copies of bank deposit account statements and commercial loan statements;
- Electronic financial statement consolidation spreadsheets;
- Electronic copies of financial audit reports for multiple legal entities, covering multiple years—including related schedules, analysis, and e-mail correspondence;
- Electronic cash flows (historical and forecasted);
- An investor database containing confidential and personal information related to approximately 180 investors (including home addresses, phone numbers, tax payer ID numbers, financial accreditation information, etc.);
- Electronic mail merge contact information for mailing quarterly required information to investors as required;

- 4 -

- Electronic copies of site plans (current and archival), building plans (current and archival), floor plans, space plans, and documentation related to land entitlement processes (past and current);
- Subcontractor contact information;
- Subcontractor agreements;
- Subcontractor insurance certificates;
- Construction sequence sheets;
- Construction budgets;
- Construction delivery schedules;
- Homeowner names and addresses;
- Customer service requests and request histories;
- Electronic homeowner manuals;
- Electronic permanent records for more than two-dozen separate legal entities, including but not limited to the following:
  - Articles of organization or incorporation;
  - Proprietary operating agreements;
  - Proprietary management services agreements;
  - Loan Agreements;
  - Guarantor settlement agreements; and
  - Electronic copies of tax returns;
- Electronic copies of preliminary and final escrow settlement statements for homes sold through homebuilding operations;
- Marketing plans;
- Prospect lists;
- Sales contracts, addenda, and disclosures;
- Trust account logs;
- Current and historical "foot traffic" summaries; and

-5-

- Numerous personal data of files of the Businesses' employees, including but not limited to personal financial analysis, personal tax information, emails containing attorney-client information, personal vacation information, and other personal and privileged information.

11.     The Businesses are harmed every day because of the seizure of the computer equipment listed above.  Further, this is a particularly busy time of year for the Businesses because September 30, 2011 is the end of the third quarter of the year, and the Businesses transact substantial business and communicate with their investors—all of which is done primarily by electronic means.  If the Businesses were deprived of the data and information contained on the main server for one week, it would be extremely detrimental.  If the Businesses were deprived of the data and information for two weeks, it would be catastrophic since the Businesses' employees cannot complete basic, day-to-day operations, and the Businesses' operations are extremely time sensitive.

12.     To get the Businesses up and running again and to mitigate the ongoing harm to the Businesses, they would need a virtual backup (also known as a copy or image) of the data on at least the following three items seized by the FBI, and listed in order of priority:

- HP Proliant ML350G6 server (s/n MXQ0510DP3), which is listed as item #22 on Exhibit 1;
- Netgear NAS Model RND4410 (s/n 23J3087800E68), which is listed as item #25 on Exhibit 1; and
- LaCie Rugged External Hard Drive (s/n 13741011290043QR), which is listed as item #24 on Exhibit 1.

13.     The following items seized by the FBI would also facilitate getting the Businesses up and running again once the businesses have copies of the data on the three items listed above:

- 6 -

- Western Digital Model WD800JD-60LUAO Hard Drive (s/n WMAMD2806239), which is listed as item #18 on Exhibit 1;
- Maxtor Model 6L080MO Hard Drive (s/n L2065GZG), which is listed as item #17 on Exhibit 1;
- Seagate Model ST3500418AS Hard Drive (s/n 6VMC9FCZ), which is listed as item #16 on Exhibit 1;
- Seagate Model ST3320418AS Hard Drive (s/n 6VMGB782), which is listed as item #27 on Exhibit 1; and
- Western Digital Model WD2500AAJS Hard Drive (s/n WMAV2HL24659), which is listed as item #12 on Exhibit 1.

14. Inland Productivity Solutions, the third party that assists the Businesses with IT services, is standing by ready and willing to assist the government with copying and imaging the items listed above. Inland Productivity Solutions will provide all the necessary hardware, and I understand that it will take six to eight hours to copy and image the items listed above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 20, 2011, at Rancho Cucamonga, California.

_Glen Rogers_

Glen Rogers

**EXHIBIT 1**

### UNITED STATES DEPARTMENT OF JUSTICE
### FEDERAL BUREAU OF INVESTIGATION
#### Receipt for Property Received/Returned/Released/Seized

File # __194B-LA-258147__

On (date) __9/15/2011__

item(s) listed below were:
B3 ☒ Received From
☐ Returned To
☐ Released To
☒ Seized

(Name) MATT JORDAN

(Street Address) 10621 CIVIC CENTER DRIVE

(City) RANCHO CUCAMONGA , CA

Description of Item(s): #1 Tax Docs, Hand written notes, Invoices, Quotes, Cash Flow Statements (Room C)

#2. VHS- The Colonies Proof - 11-5-04 (Room C) desk area

#3 Ledger, American Express ¢/c (Airline Purchase) Room HH (Bottom drawer)

#4 INFORMATION ABOUT COUNTY SUPERVISORS AS IT RELATES TO PI FIRMS;
B3 ~~CALENDAR OF MEETINGS~~; FINANCIAL TRANSACTIONS (ROOM E)

#5 FINANCIAL DOCUMENTS (BRULTE) (ROOM Y)

#6 CAMPAIGN STATEMENTS AND CANCELLED CHECKS (ROOM N)

#7 FINANCIAL REPORTS; BANK ACCOUNTS; CONTRIBUTION SUMMARY REPORTS (ROOM W)

#8 TAX FORMS; POLITICAL CONTRIBUTIONS; EARNING STATEMENTS; PLANNER; CANCELLED CHECKS (ROOM F)

#9 DOCUMENTS IN LORRAINE LECLEAR OFFICE drawers- , Financial docs, tax info (ROOM B)

#10 DOCUMENTS IN LORRAINE LE CLEAR OFFICE (desk area) Financial docs, emails, tax info (ROOM B)

#11 OPPORTUNITY FUND DOCUMENTS (ROOM B)

Received By: (Signature)

Received From: (Signature)

EXHIBIT 1 page 8

**UNITED STATES DEPARTMENT OF JUSTICE**
**FEDERAL BUREAU OF INVESTIGATION**
Receipt for Property Received/Returned/Released/Seized

File #   194B-LA-258147

On (date)   9/15/2011

item(s) listed below were:
☐ Received From
☐ Returned To
☐ Released To
☒ Seized

(Name)   MATT JORDAN

(Street Address)   10621   CIVIC CENTER DRIVE

(City)   RANCHO CUCAMONGA, CA

Description of Item(s):

#12. Room C Western Digital model WD2500AAJS hard drive s/n - WMAV2HL24659

#13. Room C Kingston Datatraveler 16B Flash Drive

#14. Room C Generic Flash Drive w/ "The Business Platinum Card from American Express" label

#15. Room C Office Depot CD-R w/ Colonies Crossroads Inc 1st 10 site visits spreg printed on label

#16. Room T Seagate model ST3500418AS HARD DRIVE S/N - 6VMC9FCZ

#17. Room Y Maxtor model 6L080M0 Hard Drive s/n - L2065GZG

#18. Room O Western Digital model WD800JD-60LUA0 hard drive s/n - WMAMD2806239

#19. Room Z Dell Poweredge SC430 Desktop S/N · BSF7881

#20. Room Z IBM model 83X server S/N - KP-PB956

#21. Room Z HP Proliant ML350 server S/N - 6J37KT45NO1E

#22. Room Z HP Proliant ML350 G6 server S/N - MXQ0510DP3

#23. Room Z HP Proliant DL380 G5 server S/N - 2UX7410242

#24. Room Z Lacie Rugged external HD S/N - 1374101290043QR

#25. Room Z Netgear NAS model RND4410 S/N - 23J3087800E68

#26. Room HH HP model HP530 laptop S/N - CND823YY8Z

#27. Room B Seagate model ST3320418AS hard drive s/n - 6VMGB782

#28. Room B DIGITAL MEDIA: 3ea DVD+r 16x (LABELED: "LL & JB PST FILES", "COLONIES FOLDER DATA", "LL JB E-MAIL ARCHIVE + DATA"); 5ea CDs; 1ea DVD-R; 1ea 1.44 MB DISK; 1ea Micro Cassette

Received By: _____ (Signature)   Received From: _____ 33 (Signature)

EXHIBIT 1   PAGE 9

FD-597

*Dr. Taint Review*

## UNITED STATES DEPARTMENT OF JUSTICE
## FEDERAL BUREAU OF INVESTIGATION
### Receipt for Property Received/Returned/Released/Seized

File # __194B - LA - 258147__

On (date) __9/15/2011__

item(s) listed below were:
- [ ] Received From
- [ ] Returned To
- [ ] Released To
- [X] Seized

(Name) __MATT JORDAN__

(Street Address) __10621 Civic Center Drive__

(City) __Rancho Cucamonga, CA__

Description of Item(s):

Room B - "Chronology of key events";

Room B - (4) reports from Paul Ingels Investigative Services;

Room F - Overt Act Timeline of Events;

Room F - Correspondence from Hopson to Minnis on 2/18/10;

Room E - Calendar of Meets

Received By: __(Signature)__

Received From: __(Signature)__



Phil Burum

DD
Empty

Brian
Bush EE

Veronica
Lomeli
GG

CC

HH

FF

W
Glen Rogers

X
Debbie
Magnus

Treesa Drake
BB

Z

Y
Ashley
Wright

MM

AA

FIRST FLOOR PLAN
1/8"=1'-0"

DIVERSIFIED PACIFIC DEV.
10621 CIVIC CENTER DR.
RANCHO CUCAMONGA, CA. 91730
FIRST FLOOR PLAN 1/8"=1'-0"

Simone Basso

EXHIBIT 1 PAGE 12



Stair

Matt Jordan

Stephen Larson

Law Library

Empty

Empty

Spencer Brown

Jeff Burum

Lorraine Le Clear

N
↑

Simone Basso

194B-LA-258147
9/15/2011
12:45 PM

EXHIBIT 1 PAGE 13

Simone Basso (60)

2nd Floor

*UNITED STATES OF AMERICA v. THE PREMISES KNOWN AS: 10621 CIVIC CENTER DRIVE, RANCHO CUCAMONGA, CALIFORNIA ED-11-0353M (OPx)*

## PROOF OF SERVICE

I am a citizen of the United States. My business address is Arent Fox LLP, 555 West Fifth Street, 48th Floor, Los Angeles, California 90013. I am employed in the County of Los Angeles where this service occurs. I am over the age of 18 years, and not a party to the within cause.

On the date set forth below, according to ordinary business practice, I served the foregoing document(s) described as:

***EX PARTE* APPLICATION FOR RETURN OF PROPERTY PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 41(G); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF STEPHEN G. LARSON AND GLEN ROGERS; EXHIBITS**

☒ (BY E-MAIL) On this date, I personally transmitted the foregoing document(s) via electronic mail to the e-mail address(es) of the person(s) on the attached service list.

☐ (BY MAIL) I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business. On this date, I placed the document(s) in envelopes addressed to the person(s) on the attached service list and sealed and placed the envelopes for collection and mailing following ordinary business practices.

☐ (BY PERSONAL SERVICE) On this date, I delivered by hand envelope(s) containing the document(s) to the persons(s) on the attached service list.

☐ (BY OVERNIGHT DELIVERY) On this date, I placed the documents in envelope(s) addressed to the person(s) on the attached service list, and caused those envelopes to be delivered to an overnight delivery carrier, with delivery fees provided for, for next-business-day delivery to whom it is to be served.

☒ (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 20, 2011 at Los Angeles, California.

_____
Patrice L. Colbert

*UNITED STATES OF AMERICA v. THE PREMISES KNOWN AS: 10621 CIVIC CENTER DRIVE, RANCHO CUCAMONGA, CALIFORNIA ED-11-0353M (OPx)*

## SERVICE LIST

| | |
|---|---|
| Joseph B. Widman<br>Assistant United States Attorney<br>Central District of California<br>3880 Lemon Street, Suite 210<br>Riverside, CA 92501<br><br>Tel.: (951) 276-6945<br>Fax: (951) 276-6202<br><br>E-mail: Joseph.Widman@usdoj.gov | Counsel for<br>UNITED STATES OF AMERICA |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself □) | DEFENDANTS |
|---|---|
| UNITED STATES OF AMERICA | THE PREMISES KNOWN AS: 10621 CIVIC CENTER DRIVE, RANCHO CUCAMONGA, CALIFORNIA |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Jerry A. Behnke (180462) Joseph B. Widman (265189) United States Attorney, 3880 Lemon Street, 210, Riverside CA 92501 | Stephen G. Larson (145225) Mary Carter Andrues (138486) Arent Fox LLP 555 W. Fifth Street, 48TH FL, Los Angeles, CA 90013 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☒ 1 U.S. Government Plaintiff    ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes   ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☐ No          ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Fed. R. Civ. P. 53 for appointment of special master to review and return seized property

**VII. NATURE OF SUIT** (Place an X in one box only.)

| | | | | | |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | |
| ☐ 810 Selective Service | | | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 443 Housing/Acco-mmodations | | ☐ 840 Trademark |
| ☒ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

ED CV 11 - 01570

VAP (OPx)

FOR OFFICE USE ONLY:   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

OCT - 3 2011

American LegalNet, Inc.
www.FormsWorkflow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No   ☐ Yes

If yes, list case number(s): _____

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☐ No   ☒ Yes

If yes, list case number(s): ED 11-0353M (OPx)

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☒ A.  Arise from the same or closely related transactions, happenings, or events; or

☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.

☒  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  |  |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.

☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino County |  |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.

Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino County |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties

Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date   9/27/2011

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Virginia A. Phillips and the assigned discovery Magistrate Judge is Oswald Parada.

The case number on all documents filed with the Court should read as follows:

## EDCV11- 1570 VAP (OPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [X] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.