Stephen G. Larson (SBN 145225)
Mary Carter Andrues (SBN 138486)
ARENT FOX LLP
555 West Fifth Street, 48th Floor
Los Angeles, CA  90013-1065
Telephone:  213.629.7400
Facsimile:   213.629.7401
E-mails:    larson.stephen@arentfox.com
            andrues.mary@arentfox.com

*Attorneys for Jeffrey S. Burum*

**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> THE PREMISES KNOWN AS: 10621 CIVIC CENTER DRIVE, RANCHO CUCAMONGA, CALIFORNIA, <br><br> Defendant. | Case No.  ED CV 11-01570 SJO (OPx) <br><br> **ORDER RE APPOINTMENT OF SPECIAL MASTER TO REVIEW SEIZED MATERIALS** <br><br><br> NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT |

FOR GOOD CAUSE SHOWN, and pursuant to the stipulation by and between the UNITED STATES OF AMERICA, through its counsel of record Assistant U.S. Attorneys Jerry A. Behnke and Joseph B. Widman, and JEFFREY S. BURUM, through his counsel of record Stephen G. Larson and Mary Carter Andrues, IT IS HEREBY ORDERED as follows:

1. On or before November 10, 2011, the government shall return all materials, digital and non-digital, seized pursuant to the search warrants executed at Diversified and at Mr. Burum's home.  The government shall also provide scanned copies of the non-digital materials to counsel for Mr. Burum.

2. Regarding all non-digital materials, counsel for Mr. Burum shall review said material or copies thereof and, beginning on December 1, 2011, and continuing on a rolling basis thereafter, produce a privilege log as specified in paragraph four to the government identifying those materials that it believes are subject to protection pursuant to the attorney client communication, attorney work product, or joint defense privileges.

3. Regarding all digital materials, a taint group comprised of government agents who were not and will not be involved in the underlying investigation (hereinafter, the "Taint Group") shall search the government's mirror image copy of all seized digital materials using search protocols selected by the government. The government shall then provide counsel for Mr. Burum a copy of those materials which the Taint Group has concluded are subject to seizure pursuant to the search warrants. Thereafter, counsel for Mr. Burum shall produce a privilege log as specified in paragraph four to the government identifying those documents that it believes are subject to protection pursuant to the attorney client communication, attorney work product, or joint defense privileges.

4. For each document that is the subject of a claim of privilege, the privilege log shall include the following information: (a) a page number range or document number of the document; (b) the date of the document; (c) the author of the document; (d) the addressees/recipients of the document; (e) the format of the document (e.g., e-mail, handwritten notes, facsimile, memorandum, etc.); (f) name of the litigation or transaction giving rise to the claim of privilege; (g) the general subject matter of the document; and (h) the specific privilege claimed.

5. Counsel for Mr. Burum shall complete and provide to the government the privilege logs described above on or before sixty days after the date on which the government provides the materials as described in paragraphs one and three above, or January 13, 2012, whichever is later.

6. None of the government agents involved in the underlying investigation nor any Assistant United States Attorney may review any of the materials identified in paragraphs two or three until counsel for Mr. Burum reviews the materials and provides the privilege logs described above.

7. Following production of the privilege logs, and subject to this Court's ruling on the Rule 41 Motion for Return of Property pending before this Court by which counsel for Mr. Burum seeks return of all seized property including copies, the government may review documents that have not been identified in privilege logs as described above.

8. If the government objects to the characterization of any documents as privileged on the privilege logs, the government shall notify counsel for Mr. Burum. If the parties are unable to resolve any such dispute through a meet and confer process, resolution of the matter shall be referred to a Special Master.

9. A Special Master shall be APPOINTED by this Court to resolve any disputes concerning whether any material is protected by the attorney-client, work-product, and/or joint defense privileges. If the Special Master is presented with such a dispute, the Special Master shall thereafter submit a proposed report and recommendation and a proposed order to the Court for its consideration.

10. Mr. Burum and the government shall have 10 days to file any objections with the Court to any report and recommendation and proposed order filed by the Special Master.

11. Mr. Burum and the government shall mutually agree upon and recommend to this Court, within three days of the issuance of this Order, the name of a proposed Special Master; failing to so agree, the Court, in its discretion, shall select a Special Master.

12. The reasonable fees and costs of the Special Master shall be paid, in equal parts, by Mr. Burum and the government.

13. Counsel for Mr. Burum shall serve a copy of this stipulation, proposed order, and any Order issued by the Court pursuant to this stipulation upon all entities doing business at 10621 Civic Center Drive, Rancho Cucamonga, California, on or before November 3, 2011.

**The MOTION for Review of Judge Oswald Parada's 9/27/11 Order Denying Ex parte Application for Appointment of Special Master to Review seized materials; Memorandum of points and authorities; Declarations of Stephen G. Larson and ERic Ngo; Exhibits. Filed by Jeffrey Burum [5] is taken off the Court's calendar as moot.**

Dated: October 31, 2011

*S. James Otero*

Honorable S. James Otero
United States District Judge