

FILED

MAY 06 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos.  14-55640 |
| Plaintiff - Appellee, | 14-56282 |
| v. | D.C. No. 5:11 cv-01570- SJO-OP |
| JEFFREY S. BURUM, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeals from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted April 7, 2016
Pasadena, California

Before:    TASHIMA, SILVERMAN, and GRABER, Circuit Judges.

Jeffrey Burum appeals the district court's orders denying his Federal Rule of

Criminal Procedure 41(g) motion for the return of property and granting the

government's motion for an order authorizing provision of seized hard copy

documents to state prosecutors.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

        *  This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

reverse the order denying the Rule 41(g) motion and remand for further proceedings.  We vacate the order authorizing provision of hard copy documents to state prosecutors, and dismiss as moot the appeal from that order.

## I.

In 2011, the government initiated a federal investigation against Burum for suspected political corruption and bribery.  As part of the investigation, the government executed search warrants at Burum's residence and office building and seized 52 digital devices and 37 items of non-digital evidence.  The government ultimately concluded its investigation without filing any federal charges against Burum.  However, a state grand jury indicted Burum based on similar allegations. The state criminal case is currently pending.

Burum filed several motions in district court to compel the government to return his property and/or to conduct an appropriate scope and attorney-client privilege review of the seized evidence.  The government eventually returned all of Burum's original property but retained copies of the evidence.  In May 2012, the government turned over to state prosecutors at least two disks that were seized pursuant to the federal warrants.  Burum then filed a Rule 41(g) motion for the return or destruction of all copies of his property retained by the government. Without holding an evidentiary hearing, the district court declined to exercise

equitable jurisdiction over the motion; alternatively, it denied the motion on the merits.  The government then filed a motion requesting the district court's authorization to turn over all seized hard copy documents to the state prosecutors, which the court granted.  Burum appeals both orders.

## II.

Under Rule 41(g), a court may exercise its equitable jurisdiction to grant a motion for the return of property by a "person aggrieved by an unlawful search and seizure of property or by the deprivation of property."  Fed. R. Crim. P. 41(g); *see Ramsden v. United States*, 2 F.3d 322, 324 (9th Cir. 1993).  The court must receive evidence on any factual issue necessary to decide the motion.  Fed. R. Crim. P. 41(g).  This court reviews a district court's decision to exercise its equitable jurisdiction under Rule 41(g) for an abuse of discretion.  *Ramsden*, 2 F.3d at 324. A district court's decision not to hold an evidentiary hearing on a motion to suppress is also reviewed for an abuse of discretion.  *Ctr. Art Galleries-Hawaii, Inc. v. United States*, 875 F.2d 747, 754 (9th Cir. 1989).

## III.

The district court declined to exercise equitable jurisdiction over Burum's Rule 41(g) motion without holding an evidentiary hearing.  We conclude that this was an abuse of discretion.

The district court ruled on the motion without resolving several outstanding factual disputes on which Burum's motion depends, including whether the government conducted an adequate review of the seized digital data to determine whether those data were within the scope of the search warrant, whether the government destroyed out-of-scope and privileged evidence, and which evidence the government has turned over to the state prosecutors.

We therefore reverse the order denying the Rule 41(g) motion and remand for further proceedings.  On remand, the district court shall conduct an evidentiary hearing to determine:  (1) which documents (including copies) the government still has in its possession;  (2) whether those documents fall within the scope of the search warrants; (3) whether those documents are protected by the attorney-client privilege; and (4) based on the court's findings on scope and privilege, which documents the government is required to return or destroy.

Because the court's findings on remand will necessarily affect what evidence the government may provide to the state prosecutors, we vacate the order authorizing the wholesale provision of documents to state prosecutors, and  dismiss as moot the appeal from that order without reaching the merits.

4

In No. 14-55640, the order of the district court is **REVERSED and REMANDED.**

In No. 14-56282, the order of the district court is **VACATED** and the appeal is **DISMISSED.**